UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ROBERT BURKE,

           Plaintiff,

  -against-

C.O. JAMES MONIN,
C.O. MATTHEW HAMM and
C.O. TODD BENTLEY,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was incarcerated at Collins Correctional Facility (Collins), in Collins, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Defendants were and are citizens of the State of New York.

4. That at all times herein mentioned, Defendant C.O. James Monin (Monin) was a correction officer employed at Collins by DOCCS.

5. That at all times herein mentioned, Monin was acting within the course and scope of his employment as a DOCCS correction officer.

6. That at all times herein mentioned, Monin was acting under color of state law.

7. That at all times herein mentioned, Defendant Matthew Hamm (Hamm) was a correction officer employed at Collins by DOCCS.

8. That at all times herein mentioned, Hamm was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Hamm was acting under color of state law.

10. That at all times herein mentioned, Defendant Todd Bentley (Bentley) was a correction officer employed at Collins by DOCCS.

11. That at all times herein mentioned, Bentley was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Bentley was acting under color of state law.

13. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

14. That venue is proper in the Western District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

15. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

16. That on or about April 26, 2023, inside Collins Correctional Facility, Monin, Hamm, Bentley, and one other correction officer, whose identity is unknown to Plaintiff, acting collectively and in concert with each other, brutally assaulted and battered Plaintiff

by, among other things, punching Plaintiff multiple times in the ribs and stomping on Plaintiff's feet.

17. That the aforesaid actions of Monin, Hamm, Bentley, and the other officer (herein referred to collectively as "the officers") were without any legal justification and not in furtherance of any legitimate penological interest.

18. That each of the officers observed the aforesaid actions by their fellow officers, had reasonable opportunities to intervene to prevent and/or stop those actions, but deliberately failed and refused to take any steps to do so.

19. That the aforesaid actions by the officers were intentional, sadistic, and malicious in nature, and not undertaken for the purpose of maintaining or restoring order.

20. That as a result of the aforementioned actions of the officers, Plaintiff sustained severe physical injuries, including but not limited to several fractured ribs, resulting in a punctured lung and pneumothorax, injury to the left foot requiring partial amputation of a toe, and psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983: Eighth Amendment)

21. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

22. That the aforementioned acts by the officers were in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

23. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for compensatory damages and punitive damages in an amount to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 U.S.C. § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
       July 15, 2025

                                        Yours, etc.
                                        Sivin, Miller & Roche, LLP

                                        By <u>*David Roche*</u>
                                            David Roche
                                        Attorneys for Plaintiff
                                        20 Vesey St., Suite 1400
                                        New York, NY  10007
                                        (212) 349-0300